IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

                            Petitioner,

                  v.                                                    CASE NO. 23-3124-JWL

KRIS W. KOBACH[1], et al.,

                            Respondents.

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a pro se petition for writ of habeas corpus filed by Petitioner and state prisoner Anthony Leroy Davis on the court-approved form for seeking relief under 28 U.S.C. § 2241. (Doc. 1.) When Petitioner filed his petition, he failed to either pay the statutory filing fee or file a motion for leave to proceed in forma pauperis. (*See* Doc. 3.) Petitioner has now filed a motion for leave to proceed in forma pauperis (Doc. 4) and a "Motion Commencing Illegal Sentence Vacated." (Doc. 5.) The Court has reviewed both motions and has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2] The motion for leave to proceed in forma pauperis (Doc. 4) will be granted. The "Motion Commencing Illegal Sentence Vacated" (Doc. 5) appears to be notification that Petitioner has satisfied the requirements of the NOD, but it does not expressly seek relief. Thus, it will be denied without prejudice. For the reasons explained below, the Court concludes that this matter is subject

---

[1] Petitioner has named the Kris W. Kobach and Daniel L. Schnurr as Respondents in this action, but the sole proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Kris W. Kobach is hereby dismissed as Respondent in this action, leaving Dan Schnurr, the current warden of Hutchinson Correctional Facility, where Petitioner is confined, as the sole Respondent, pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

[2] Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241.

to dismissal in its entirety. The Court will grant Petitioner the opportunity to show cause why this matter should not be dismissed.

**Background**

Petitioner was convicted in state court in 1989 of first-degree felony murder, aggravated robbery, and aggravated arson, and he was sentenced to life plus 25 years in prison. *See State v. Davis*, 247 Kan. 566, 567, 569 (1990) (*Davis I*); *Davis v. State*, 2021 WL 18903, *1 (Kan. Ct. App. 2021) (unpublished opinion) (*Davis II*), *pet. for rev. dismissed* Feb. 2021. In 2016, while Petitioner was serving his sentence, he punched a correctional officer. *State v. Davis*, 2019 WL 50904367, at *1 (Kan. Ct. App. 2019) (unpublished opinion) (*Davis III*), *rev. denied* Sept. 24, 2020. In 2017, a jury convicted him of battery of a law enforcement officer and in 2018, the Butler County District Court sentenced him to 65 months in prison. *Id.* at *2.

Petitioner has previously filed habeas corpus actions in this district challenging both his 1989 and 2017 convictions. *See, e.g., Davis v. Schnurr*, Case No. 20-3269-SAC, Doc. 46 (D. Kan. June 13, 2022) (denying habeas relief from 2017 conviction sought under 28 U.S.C. § 2254), *cert. of app. denied* Nov. 23, 2022 (10th Cir.); *Davis v. Brownback, et al.*, Case No. 14-cv-3144-SAC-DJ, Doc. 21   (D. Kan. Oct. 13, 2015) (dismissing habeas challenge to 1989 convictions sought under 28 U.S.C. § 2254 and noting previous habeas actions challenging the same), *cert of app. denied* May 9, 2016 (10th Cir.). Petitioner filed the current petition for habeas relief on May 15, 2023, using the form petition for a writ of habeas corpus sought under 28 U.S.C. § 2241.[3] (Doc. 1.)

The sole asserted ground for relief in the petition relates to Petitioner's most recent

---

[3] To the extent that Petitioner alleges that this action is one seeking relief under 28 U.S.C. § 2255, that statute is limited by its own language to prisoners in federal custody. Since Petitioner is in state custody, he is not entitled to relief under § 2255.

conviction and sentence in Butler County. Petitioner alleges that his constitutional right to a speedy trial under the Sixth Amendment to the United States Constitution and Section 10 of the Kansas Constitution Bill of Rights was violated, as were the Uniform Mandatory Disposition of Detainers Act (UMDDA), K.S.A. 2018 Supp. 22-4301(a), and K.S.A. 2016 Supp. 22-3402(a)[4], which is Kansas' speedy trial statute. Petitioner also cites *Peyton v. Rowe*, 391 U.S. 54 (1968), in which the United States Supreme Court held that federal district courts "may entertain a petition for writ of habeas corpus from a prisoner incarcerated under consecutive sentences who claims that a sentence that he is scheduled to serve in the future is invalid because of a deprivation of rights guaranteed by the Constitution." *See Peyton*, 391 U.S. at 55; (Doc. 1, p. 6). As supporting facts, Petitioner states only: "The district court lacked jurisdiction to enter judgment.. Fraud." *Id.* at 7 (capitalization normalized, all else as in original). As relief, Petitioner seeks a writ of habeas corpus ordering his discharge or resentencing, an order granting a new trial, or an order correcting his sentence, as well as the costs he may incur herein. *Id.* at 8.

## Analysis

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) of those Rules authorizes this Court to apply Rule 4 to federal habeas petitions brought under 28 U.S.C. § 2241. The Court has conducted a preliminary review of the petition and finds that despite being filed on the form for petitions seeking relief under §

---

[4] To the extent that Petitioner alleges violations of the Kansas Constitution and Kansas state statutes in his current petition, federal habeas relief is not available. *See Wimberly v. Williams*, 14 F.4th 1140, 1143 & n.1 (10th Cir. 2021) (noting there was no need to "address the alleged violation of state law" in a § 2241 matter brought by a state prisoner because the "court's role on collateral review isn't to second-guess state courts about the application of their own laws, but to vindicate federal rights.").

2241, this matter does not allege any grounds upon which relief could be granted under that statute.

Petition attacks the Butler County District Court's jurisdiction to convict him in 2017 and to sentence him in 2018. As Petitioner is aware, any challenge to the validity of state-court convictions and/or sentences must be brought under 28 U.S.C. § 2254. *See Leatherwood v. Allbaugh*, 861 F.3d 1034, 1041 (10th Cir. 2017) (holding that a challenge to the execution of a sentence may be brought under § 2241 but a challenge to the validity of a sentence must be brought under § 2254). Thus, although Petitioner has utilized the court-approved forms for a § 2241 petition, it appears that he seeks relief only available under § 2254. And it would do no good to recharacterize this matter as a petition for relief under § 2254 because Petitioner has already pursued a § 2254 petition challenging his Butler County convictions and this Court resolved the issue therein on its merits. *See, Davis*, Case No. 20-3269-SAC, Doc. 46 (denying habeas relief from 2017 conviction sought under 28 U.S.C. § 2254), *cert. of app. denied* Nov. 23, 2022 (10th Cir.).

Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not done so. Thus, if the Court were to recharacterize this matter as one seeking relief under § 2254, it would be an unauthorized second or successive petition over which this Court would lack jurisdiction.

In summary, when the Court conducts the required Rule 4 review, it is apparent that the sole ground for relief asserted in this matter challenges the validity of the Butler County District Court's judgment. As such, it fails to state a ground on which relief can be granted under 28 U.S.C.

§ 2241. Rather, such a claim must be brought under 28 U.S.C. § 2254, but Petitioner has already pursued a § 2254 challenge to the validity of the Butler County convictions through disposition on its merits, so to proceed in another such challenge, he must first obtain the authorization of the Tenth Circuit. Accordingly, whether treated as a petition brought under § 2241 or § 2254, this matter is subject to dismissal in its entirety.

The Court will grant Petitioner the opportunity to show cause, in writing, which this matter should not be dismissed for the reasons stated above. Any response to this order must be filed on or before July 10, 2023. If Petitioner timely files a response and the Court concludes that the matter may proceed, the Court will issue further orders as necessary. If Petitioner fails to timely file a response, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Kris W. Kobach is dismissed as Respondent in this matter, leaving Dan Schnurr, Warden of Hutchinson Correctional Facility, where Petitioner is confined, as the proper sole Respondent.

**IT IS FURTHER ORDERED** that the motion for leave to proceed in forma pauperis (Doc. 4) is **granted** and the "Motion Commencing Illegal Sentence Vacated" (Doc. 5) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including July 10, 2023, in which to show cause, in writing, why this matter should not be dismissed for failure to state a claim on which federal habeas relief can be granted.

**IT IS SO ORDERED.**

DATED:   This 9th day of June, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge
